IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

|   |   |   |
|---|---|---|
| In re Enforcement of Subpoena Issued to Tru-Weld, a Division of TFP Corporation | ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 1:07-mc-00078-SO<br><br>JUDGE SOLOMON OLIVER, JR.<br><br><br><br>**AGREED ORDER** |

This matter having come to be heard upon Plaintiff's, Spiegelberg Manufacturing, Inc., d/b/a Pro-Weld International ("Speigelberg Manufacturing"), Motion to Compel, due notice having been given, and the Court being fully advised, hereby finds:

1.  Spiegelberg Manufacturing directed a subpoena *duces tecum* to Tru-Weld, a Division of TFP Corporation, ("TFP Corp.") from this Court in connection with a civil action captioned Spiegelberg Manufacturing, Inc., d/b/a Pro-Weld International v. Kelly Hancock, d/b/a K-R-H Services, et al., which is pending in the United States District Court for the Northern District of Texas (the "Texas Case).

2.  In response to that subpoena, TFP Corp. produced documents and filed objections in the Texas Case.

5537395v.1

3. Subsequently, Spiegelberg Manufacturing filed a Motion to Compel with this Court seeking additional documents from TFP Corp.

4. TFP Corp. filed a Brief in Opposition to the Motion to Compel.

5. Spiegelberg Manufacturing and TFP Corp. have since agreed to resolve their dispute in conformity with the terms of this Agreed Order.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

1. Regarding Request No. 1, Spiegelberg Manufacturing shall provide a confidential list of customers to TFP Corp. and TFP Corp. shall provide copies of all of the invoices it sent to any of the customers on that list from January 1, 2007 through the present.  TFP shall thereafter supplement its production twice at those times requested by Spiegelberg Manufacturing .

Regarding Request No. 2, TFP Corp. shall produce responsive (and unredacted) documents.

Regarding Request No. 3, TFP Corp. shall produce responsive (and unredacted) documents.

Regarding Request No. 4, TFP Corp. shall supplement its prior written response to identify any other person involved in opening its Texas warehouse, and will confirm that there are no TFP Corp. employees, other than the individual Defendants, who have worked at that particular warehouse on or since June 11, 2007. Also, TFP Corp. will produce the invoice from its first sale from that warehouse.

Regarding Request Nos. 5 and 6, TFP Corp. shall produce copies of check/deposit register for each of the individual Defendants, Kelly Hancock and Brian Barron, showing each payment made to, and withdrawal taken from, those payments. TFP shall thereafter supplement its production twice at those times requested by Spiegelberg Manufacturing.  TFP shall cooperate with Spiegelberg Manufacturing in describing what the payments relate to (e.g. commissions, etc.).

Request No. 7, TFP Corp. shall produce copies of any correspondence between it (including Defendants) and the customers identified on the customer list provided by Spiegelberg Manufacturing from January 1, 2007 through June 8, 2007. Also, TFP Corp. shall produce a copy of the invoice for telephone service provided at its Texas warehouse for the months of May and June 2007.

5537395v.1

Request No. 8, TFP Corp. shall provide an unredacted copy of the lease agreement for its current Texas Warehouse.

Request No. 9, TFP Corp. shall supplement its prior response with documents relating to a "contractor" who built shelves at that facility.

2. The Protective Order entered into by the parties in the Texas Case, attached as Exhibit A to this Order, is incorporated and adopted by this Court and specifically extended to protect documents and/or information produced by TFP Corporation. Additionally, the Protective Order is expanded to allow either the Producing Party or the Requesting Party to designate documents that contain confidential business information as "Attorney's Eyes Only".

3. This Court retains jurisdiction over any disputes that may arise between Spiegelberg Manufacturing and TFP Corporation regarding the Protective Order and/or the production of documents.

4. TFP Corp. shall produce documents pursuant to this Order on or before January 7, 2008.

5. Each party is to bear their own costs.

IT IS SO ORDERED:

/s/SOLOMON OLIVER, JR.
Judge Solomon Oliver, Jr.

DATED: 12/27/2007

Agreed:

/s/Douglas A. DiPalma
Douglas A. DiPalma (0029871)
Cavitch, Familo, Durkin & Frutkin
1717 East Ninth Street, 14th Floor
Cleveland, Ohio 44114
Telephone:   (216) 621-7860
Facsimile:   (216) 621-3415
email:       ddipalma@cfdf.com

*Attorney for TFP Corporation*

3

5537395v.1

/s/ Mahesh K. Nayak
Mahesh K. Nayak
Clark Hill PLC
255 S. Old Woodward Ave., Third Floor
Birmingham, MI 48009
Ph. 248.988.5868
Fax 248.642.2174
e-mail: mnayak@clarkhill.com
web: http://www.clarkhill.com

*Attorney for Spiegelberg Manufacturing, Inc.*

4

5537395v.1

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| SPIEGELBERG MANUFACTURING, INC. d/b/a PRO-WELD INTERNATIONAL, | Case No.: 3-07CV1314-G |
| | Hon. A. Joe Fish |
| Plaintiff, | |
| vs. | |
| KELLY HANCOCK, d/b/a K-R-H Services, Inc. and BRIAN BARRON, | |
| Defendants. | |

ALAN J. MARCUIS (TX Bar #24007601)  WALTER S. COWGER (TX BAR #0428900)
BRIAN D. JOHNSTON (TX Bar #24032471)  Law Offices of Walter S. Cowger
Hunton & Williams LLP  1717 Main Street, Suite 5500
Energy Plaza, 30th Floor  Dallas, Texas 75201
1601 Bryan St.  (214) 743-4190
Dallas, TX 75201-3402  Attorney for Defendants
(214) 979-3000
Attorneys for Plaintiff

MAHESH K. NAYAK (MI BAR # P54867)
D. PETER VALIOTIS (MI BAR #68499)
Clark Hill PLC
500 Woodward, Suite 3500
Detroit, MI 48226
(313) 965-8300
Attorneys for Plaintiff

### STIPULATED PROTECTIVE ORDER

This matter having come before the Court upon the attached stipulation of the parties in the above-captioned lawsuit (the "Litigation"); the parties seeking to expedite the flow of

discovery material, facilitate the prompt resolution of disputes over designation of documents as confidential or proprietary, adequately protect material entitled to be kept confidential or proprietary, and ensure that protection is afforded only to material so entitled; and the Court otherwise being fully advised in the premises;

IT IS THEREFORE ORDERED as follows:

1. **Introduction.** This Protective Order shall apply to all documents or other materials designated in good faith as confidential ("Confidential Information") or proprietary ("Proprietary Information") and shall govern the production of such documents and other materials by a party or third-party (the "Producing Party") and the use of such documents by another party (the "Receiving Party"). As more particularly set forth herein, it is the intention of this Protective Order that Confidential Information and Proprietary Information be used by a Receiving Party for the Litigation, including any appeal or retrial, and for no other purpose.

2. **Nondisclosure of Documents Stamped "Confidential" or "Attorney-Eyes Only".**

Except with the prior written consent of the Producing Party or as otherwise provided in this Order, no Confidential Information or Proprietary Information may be disclosed to any person.

3. **Designation.** Designation of a document or other materials as Confidential Information shall be made by placing or affixing on the document or other materials, in a manner which will not interfere with legibility and function, the word "CONFIDENTIAL." Except for documents or other materials produced for inspection at the parties' facilities, the designation of Confidential Information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that Confidential Information is inadvertently not

2

designated as "CONFIDENTIAL," the Receiving Party, upon notice from the Producing Party, will designate and treat such documents as "CONFIDENTIAL" from that point forward.

Designation of a document or other materials as Proprietary Information shall be made by placing or affixing on the document or other materials, in a manner which will not interfere with legibility and function, the words "ATTORNEY EYES ONLY." Absent agreement of the parties or further order of the Court, only financial information may be designated as Proprietary Information. Except for documents or other materials produced for inspection at the parties' facilities, the designation of Proprietary Information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that Proprietary Information is inadvertently not designated as "ATTORNEY EYES ONLY," the Receiving Party, upon notice from the Producing Party, will designate and treat such documents as being for "Attorney Eyes Only" from that point forward.

4.  **Declassification.** If a Receiving Party believes that a document or other material has been improperly designated as confidential or proprietary by the Producing Party, it shall first make a good faith effort to resolve such dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking to establish the status of documents as Confidential Information or Proprietary Information to demonstrate that there is good cause for a document or other materials to be designated confidential or proprietary. Until the confidential or proprietary status of a document or other material is determined by the Court or upon agreement of counsel, the document or other material shall continue to be treated as Confidential Information or Proprietary Information, as the case may be.

5A. **Permissible Disclosures of Confidential Information.** Notwithstanding paragraph 2, Confidential Information may be disclosed to the following persons:

i. Disclosure may be made to the Receiving Party, counsel for the Receiving Party and employees of that counsel's firm who are engaged in the conduct of the Litigation, including any appeal or retrial;

ii. Disclosure may be made to the Court and to persons employed by the Court;

iii. Disclosure may be made to court reporters and outside vendors hired for the limited purpose(s) of making photo copies of documents, exhibits, enlargements, and/or operating video recording equipment;

iv. Disclosure may be made to any deponent or witness who is currently an employee, consultant or expert (as that term is defined in sub-paragraph 5Avi below) of the party that produced the Confidential Information;

v. Disclosure may be made to any person designated by the Court upon such terms as may be determined by the Court;

vi. Disclosure may be made to consultants, investigators, and experts (hereinafter collectively referred-to as "experts") employed or retained by the Receiving Party or counsel for the Receiving Party to assist in the preparation and conduct of this case, only if such expert first agrees to be bound by this Order as set forth in Paragraph 6 below; and

vii. Disclosure may be made to any person interviewed by counsel as a potential witness, providing such person first agrees to be bound by this Order as set forth in Paragraph 6.

Nothing in this Protective Order shall impose any restriction on the use or disclosure by any person of Confidential Information obtained by the person independent of proceedings in the Litigation, whether or not said Confidential Information is also obtained during proceedings in the Litigation.

5B. **Permissible Disclosures of Proprietary Information.** Notwithstanding paragraph 2, Proprietary Information may be disclosed to the following persons:

    i.    Disclosure may be made to counsel for the Receiving Party and employees of that counsel's firm who are engaged in the conduct of the Litigation, including any appeal or retrial;

    ii.    Disclosure may be made to the Court and to persons employed by the Court;

    iii.    Disclosure may be made to court reporters and outside vendors hired for the limited purpose(s) of making photo copies of documents, exhibits, enlargements, and/or operating video recording equipment;

    iv.    Disclosure may be made to any deponent or witness who is currently an employee or expert of the party that produced the Proprietary Information;

    v.    Disclosure may be made to any person designated by the Court upon such terms as may be determined by the Court; and

    vi.    Disclosure may be made to specific individuals who would otherwise be precluded from reviewing certain documents or things by an Attorney Eyes Only designation if the parties agree in writing that such a person, to be identified in the writing, may review documents or things, to be specified in the agreement, that have been previously designated "Attorney Eyes Only."

    vii.    Disclosure may be made to experts employed or retained by the Receiving Party or counsel for the Receiving Party to assist in the preparation and conduct of this case, only if such expert first agrees to be bound by this Order as set forth in Paragraph 6 below; and

Nothing in this Protective Order shall impose any restriction on the use or disclosure by any person of Proprietary Information obtained by the person independent of proceedings in the Litigation, whether or not said Proprietary Information is also obtained during proceedings in the Litigation.

6. **Confidential Information and Proprietary Information and Experts, Witnesses and Others.**

Each person given access to Confidential Information or Proprietary Information pursuant to sub-paragraphs 5Avi, 5Avii and/or 5Bvi, 5Bvii above shall be advised in advance that such Confidential Information or Proprietary Information is being disclosed subject to the terms of this Order. Before being provided with any Confidential Information or Proprietary Information, each such person who is not a party or the representative of a party shall be provided with a copy of this Order and shall execute an Acknowledgment agreeing to be bound by this Order in the form of Attachment A. Acknowledgments signed by persons identified in sub-paragraphs 5Avi, 5Avii, 5Bvi and 5Bvii of this Order shall be retained by the counsel disclosing the Confidential Information or Proprietary Information until the first to occur of (i) the person's providing of testimony, whether live or by affidavit, or (ii) the conclusion of the Litigation, including any appeal. At that time, Acknowledgments shall be provided to counsel for the Producing Party.

7. **Confidential and Proprietary Information in Depositions.** During his or her deposition, a deponent may be shown and questioned about Confidential Information or Proprietary Information if the deponent is an employee or other representative of the Producing Party of the Confidential Information or Proprietary Information or if all parties at the deposition consent on the record to the showing and examination of the witness regarding confidential or proprietary information. A deponent who is not a party or a representative of a party shall be furnished a copy of this order before being examined about, or asked to produce, potentially confidential or proprietary documents.

Parties (and deponents) may, within 15 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential or proprietary. Until expiration of the 15-day period, the entire deposition will be treated as confidential under this Order.

The use of Confidential Information or Proprietary Information at any deposition or hearing shall not alter the confidential or proprietary nature of such information and documents or the provisions of this Order.

8. **Filing.** In filing materials with the Court in pretrial proceedings, counsel shall file under seal documents, materials, and deposition testimony designated confidential or proprietary which contain verbatim confidential or proprietary data or which set forth the substance of such confidential or proprietary information.

9. **Confidential and Proprietary Information at Trial.** Subject to the Federal Rules of Evidence, Confidential Information and Proprietary Information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives reasonable advance notice to counsel for any party or other person that designated the information as confidential or proprietary. Any party may move the court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.

10. **Use.** Persons using documents stamped "Confidential" or "Attorney Eyes Only" pursuant to this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

11. **Third-Party Subpoenas.** If a court or governmental body with subpoena authority orders a Receiving Party or its counsel to produce Confidential Information or Proprietary Information of the Producing Party, the Receiving Party and/or counsel shall, as soon

7

as it realizes that the subpoena seeks the Producing Party's Confidential Information or Proprietary Information, forward a copy of the subpoena to the Producing Party. It shall be incumbent on the Producing Party to take whatever steps it deems appropriate to protect its Confidential Information and Proprietary Information and the Receiving Party must cooperate in good faith in these efforts. Neither the Receiving Party nor its counsel shall have any liability to the Producing Party for complying with the subpoena.

12. **Non-Termination.** The provisions of this Order shall not terminate at the conclusion of the Litigation. Within 60 days after final conclusion of all aspects of this litigation, all documents and other materials designated confidential or proprietary and all copies of such documents shall be returned to the party or person that produced such documents or, at the option of the Receiving Party, destroyed. All counsel of record shall certify compliance with this provision by delivering a written certification to counsel for the Producing Party not more than 60 days after final termination of this litigation.

13. **Modification Permitted.** Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

14. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control access to, duplication of and distribution of copies of Confidential Information and Proprietary Information. Counsel shall endeavor to collect all documents designated confidential or proprietary from those persons who were provided copies of said documents after said persons' involvement in the Litigation is concluded.

15. **No Waiver.** Review of confidential and proprietary documents and information by counsel, experts, or consultants for the litigants in this litigation shall not waive the confidential or proprietary status of the documents or objections to production. The inadvertent, unintentional, or *in camera* disclosure of confidential or proprietary documents and information shall not, under any circumstances, be deemed a waiver in whole or in part, of any party's claim of information as confidential or proprietary. Nothing contained in this Protective Order and no action taken pursuant to it shall .prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of any confidential or proprietary documents or information sought in discovery.

16. **Privileged Documents.** Nothing contained in this Order is intended to require the production of non-relevant or privileged documents or to prevent a party from withholding production on those grounds. This Order is without prejudice to the right of any party to bring a motion for a separate protective order as to any document or information seeking protections which differ or are greater than those specified herein. Any privileged documents inadvertently produced shall, upon request from the Producing Party, be immediately returned to that party.

17. **Third-Parties.** Third-parties to this litigation who receive subpoenas or other discovery requests shall be given a copy of this Order and any Third-Party disclosure of documents shall be governed by the provisions of this Order.

18. **Breach of This Protective Order.** The obligations not to disclose Confidential Information or Proprietary Information imposed on the parties and third-parties in this Protective Order shall survive the conclusion of the Litigation. In the event of a breach or threatened breach of any provision in this Order, during or after the Litigation, the non-breaching party or third-party shall be entitled to immediate injunctive relief from an appropriate court, without the

necessity of showing any irreparable injury or special damages. A non-breaching party or third-party shall also be entitled to any other legal or equitable relief available under Michigan law for the harm caused by the actions of the breaching party or third-party.

IT IS SO ORDERED.

DATED: NOV. 19, 2007.

United States District Court Judge
MAGISTRATE

We stipulate to entry of this Protective Order

/s Mahesh K. Nayak
Mahesh K. Nayak (Michigan Bar No. P54867)
Counsel for Plaintiff
Clark Hill PLC
255 S. Old Woodward Avenue, 3rd Floor
Birmingham, MI 48009
(248) 988-5868
mnayak@clarkhill.com


/Walter S. Cowger
WALTER S. COWGER (TX BAR #0428900)
Attorney for Defendants
Law Offices of Walter S. Cowger
1717 Main Street, Suite 5500
Dallas, Texas 75201
(214) 743-4190
wsc@cowgerlaw.com

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has been provided with a copy of the Protective Order entered by the United States District Court, Northern District of Texas, in the case of SPIEGELBERG MANUFACTURING, INC. d/b/a PRO-WELD INTERNATIONAL, Plaintiff vs. KELLY HANCOCK, d/b/a K-R-H Services, Inc. and BRIAN BARRON, Defendants, Case No. 3-07CV1314-G; that he/she has read and understands the terms of the Protective Order and agrees to be bound by the same; that he/she will not transmit or show any document, deposition testimony, interrogatory answer, response to a request for production or admission, or any other material containing Confidential Information or Proprietary Information or marked "Confidential" or "Attorney Eyes Only" to any person who has not first also agreed to be bound by the Protective Order as by signing this Agreement; and that he/she will not disclose Confidential Information or Proprietary Information to any individual who has not also agreed to be bound by the Protective Order.

By: _____

Dated: _____

5522396.1 24500/117608